MUNICIPALITY OF CAGUAS, PLAINTIFF AND APPELLEE, *v.* QUIÑONES ET AL., DEFENDANTS (HERNÁNDEZ, APPELLANT).

APPEAL from the District Court of Humacao in Expropriation Proceedings.

No. 1516.—Decided March 27, 1917.

EXPROPRIATION—COMPLAINT—CONCLUSION OF LAW—ERROR.—The refusal of the court to strike out a certain count of the complaint because it contained a conclusion of law in alleging that the defendants were adults, is not prejudicial error.

ID.—ID.—MOTION TO STRIKE—DEMURRER—MISJOINDER OF PARTIES—The mention in the complaint that land belonging to the defendant-appellant had been segregated from other land belonging to the principal defendant, was not

subject to a motion to strike out; nor was it error to overrule the motion. It might have been a ground for demurrer on the theory of misjoinder of parties defendant.

ID.—PARTIES—DEMURRER—MISJOINDER OF PARTIES.—The fact that the wife of one of several defendants is made a party in an action for expropriation does not prejudice the other proper and necessary parties, therefore a demur . rer on the ground of misjoinder of parties defendant will not be sustained.

ID.—COMPLAINT—PUBLIC UTILITY.—A complaint in an action for expropriation is sufficiently clear and sets up a cause of action when it alleges that the work is of public utility, describes the property as well as the part segregated therefrom and recites the offer of payment made to all of the defendants and their refusal to accept the same. The declaration of the Executive Council as to the public utility of the work is generally conclusive in the absence of some clear showing to the contrary.

ID.—OFFER OF PAYMENT.—The testimony of the mayor that offer of payment was made to the attorney who continuously represented the defendants before the Executive Council in the declaration of public utility and before the courts, is sufficient compliance with section 4 of the Act of March 12, 1908, for the purpose of proof of offer of payment.

ID.—SUMMONS OF OWNER—APPEARANCE.—The fact that the owner of land declared of public utility was not summoned to appear before the Executive Council is not fundamental error if he appeared voluntarily.

ID.—VALUE OF EXPROPRIATED LAND.—A court is not bound to find in condemnation proceedings that the price paid by a person when he purchased the property expropriated was its real value, or that the price agreed on in the deed was the actual price paid, or what was the value of the land at the time of the expropriation.

The facts are stated in the opinion.

*Mr. Rafael Arce* for the appellant.

*Mr. Francisco González* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The Municipality of Caguas undertook a drainage scheme and contemporaneously, or perhaps a little while before obtaining a declaration of public utility from the Executive Council, entered into negotiations for a particular piece of property belonging to Nicolás Quiñones Cabezudo. While these negotiations were pending and before the declaration of public utility Quiñones Cabezudo sold two portions of the said land, one to the appellant, Felipe Hernández, and one to Domingo Lasa. Quiñones Cabezudo was the only one of the three owners who was formally cited to appear before the Executive Council, but all three appeared before that

body and all were duly represented by the same attorney. They were apparently acting together.

A judicial proceeding to condemn the land was begun and judgment was entered against the three defendants mentioned in the complaint. The court awarded to Nicolás Cabezudo the sum of $1,500 for the value of his land, to Felipe Hernández, the appellant, $200 for the value of his land, to Domingo Laza for the value of his land $300, and to Nicolás Quiñones for damages the sum of $1,800. We do not know whether the other defendants were satisfied with the award, but it is a fair inference, and in discussing the various errors raised by the appellant we shall do little more than mention the ones that did not prejudice him.

The refusal of the court to strike the complaint because it contained a conclusion of law describing the defendants as adults was clearly non-prejudicial. The mention in the complaint that land belonging to appellant had been segregated from other land belonging to the principal defendant was not subject to a motion to strike, nor was it error. The idea of the appellant, if at all availing, would have been more properly made by demurrer on the ground of undue joinder of parties defendant.

There was a demurrer on the ground of undue joinder, but in the brief of the appellant the ground alleged was that the wife of Quiñones Cabezudo was made a defendant. This could not possibly have prejudiced the appellant. And as to joining the other two defendants, they were proper if not necessary parties.

We think the complaint was sufficiently clear and set forth a cause of action. It stated a declaration of public utility with regard to a drainage system by the Municipality of Caguas. The property was minutely described as well as the segregation made to appellant from the whole piece. The complaint recited the offer of payment made to all the defendants and their refusal to accept the same. There was a sufficient averment that the work was one of public neces-

sity.   The declaration of the Executive Council on this score would generally be conclusive in the absence of some clear showing to the contrary.

Errors were alleged with respect to the admission of certain plans.   We cannot see the prejudice and the plans were apparently the ones the engineers used in laying out the proposed drainage system.

Appellant in effect alleges that there was no proof of an offer of payment made to him.   The court below found that there was, based principally on the testimony of the mayor that the offer was made to Attorney Arce, who continuously represented all three defendants before the Executive Council and afterwards.   There was a sufficient compliance, we think, with section 4 of the Act of March 12, 1908, as follows:

"Where a work has been declared of public utility and, for any reason, the owners of the property to be condemned refuse to consent to such condemnation as may be required, a cause of action shall thereby accrue to the person who is to perform said work, who may bring said action against the said owners.   *   *   *

In the case of *Fajardo Development Co.* v. *Zalduondo,* 20 P. R. R. 245, we construed this section in the sense that parties by their acts would be estopped to raise the lack of a specific offer, and this follows from the wording of the section itself. Here the defendants were acting together and opposed the condemnation by joint action.   An inspection of the record will show that the parties generally had in mind the whole property as it stood before the segregation.   We mention this in addition to the fact that the court apparently found that an offer had been made to the defendants.

Another assignment of error related to the weighing of the proof by the court below, appellant maintaining that his land was unduly and unnecessarily included in the condemnation.   A part of his discussion of this assignment of error relates to the lack of due process in that appellant was not duly cited to appear before the council.   However, he appeared voluntarily.   This form of objection, moreover, is not

included in the assignment of error. It was not duly raised here and it was not fundamental or prejudicial. The fact that other lands might have been better or cheaper than the land of appellant is not a sufficient reason to set aside a finding of the court when contiguous land of greater area has been adjudicated in the same proceeding and when the mayor and the engineers of the city declared that the particular section was most convenient, being in a part of Caguas not particularly fitted for urbanization. In general there was something of a conflict and we see no reason to upset the court's finding.

Similar considerations apply to the amount awarded, which is probably the moving ground of this appeal. The court below was not bound to find that the price paid by appellant at the time of purchase was a true value or that the agreed price in the deed was the actual price paid or the value of the land at the time of the condemnation. And we see no other damages than the loss of the land.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.